IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01396-GPG

MASOUD AHMADI, et al.,

     Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

     Defendants.

---

**ORDER**

---

Before the Court is Plaintiffs' Motion for a Preliminary Injunction (D. 7) and Defendants' Consolidated Response to Complaint (ECF No. 1) and Motion for Preliminary Injunction (ECF No. 7) (D. 15). On June 3, 2026, the Court held a hearing on both of these motions. At the hearing, Defendants raised, for the first time, an argument that Plaintiffs failed to plead Article III standing in their complaint.[1] While standing had not previously been raised in the papers, "a court must raise the standing issue *sua sponte*, if necessary, in order to determine if it has jurisdiction." *United States v. Colorado Supreme Ct.*, 87 F.3d 1161, 1166 (10th Cir. 1996). So, it is necessary to give due consideration to standing despite the issue first being raised during the hearing. In light of this

---

[1] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

argument, the Court grants Plaintiffs leave to amend the complaint within 21 days of this Order, should they wish to do so.[2]

DATED June 4, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[2] The Government filed a joint responsive pleading (D. 15) which included a motion to dismiss pursuant to Rule 12(b)(6) and a response to a motion for preliminary injunction.  Facts necessary to survive the motion to dismiss, e.g., declarations, must be in the amended complaint or attachments thereto rather than appended to a motion for preliminary injunction.