IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01396-GPG

MASOUD AHMADI, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY, and
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

Before the Court are Plaintiffs' Motion For A Preliminary Injunction (D. 7) and Defendants' Motion to Dismiss First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 21) (D. 26). Significant events have occurred since the briefing, and the Court seeks clarification on the claims remaining in this case and Defendants' conduct following *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.,* -- F. Supp. 3d --, 2026 WL 1622708 (D.R.I. 2026). Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (D. 21) indicates that, despite *Dorcas* and Defendant's official acknowledgement of the vacatur, "none of the 184 Plaintiffs in this action has yet reported adjudication on their or their dependents' cases" (D. 21 at 35). Defendants appear to continue to resist the district court decision in *Dorcas*, *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.,* No. 26-1703, 2026 WL 2364384, at *1 (1st Cir. Aug. 14, 2026), but Defendants also assert that Plaintiffs have already received relief because of that

district court decision (D. 26 at 7–8, 11–13).[1] Although Defendants filed an affidavit with their Motion, it does not contain information about the steps Defendants have taken, or not, to comply with *Dorcas*.

Accordingly, Defendants are ORDERED to show cause within FOURTEEN (14) DAYS as to why their Motion should not be denied and a preliminary injunction entered. Specifically, Defendants SHALL (1) submit information and evidence regarding steps taken to resume benefits application processing post-*Dorcas*, including any such information specific to Plaintiffs' applications, and (2) provide a specific timeline and end date for adjudication of Plaintiffs' applications. Plaintiffs shall then have 14 days to file a response.

Additionally, as the Court understands that no remaining Plaintiffs have received an adjudication on application(s), it is FURTHER ORDERED that Plaintiffs (1) inform the Court promptly of any change in circumstances, and (2) identify which Plaintiffs' claims are premised on the policy for which the First Circuit in *Dorcas* stayed vacatur. *See Dorcas*, 2026 WL 2364384, at *1 ("[S]tay relief is in order only with respect to the district court's stay of the Comprehensive Re-Review Policy, which directs USCIS personnel to '[c]onduct a comprehensive re-review of approved benefit requests for aliens from [certain countries] who entered the United States on or after January 20, 2021.'")

---

[1] The Court imputes nothing improper to continuing appeals. However, non-compliance is a different matter and is not a proper manner of resisting a court order.

DATED September 18, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge